UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELENA STURDZA,

        Plaintiff,

        v.                                                         Civil Action 08-01642 (HHK)

UNITED ARAB EMIRATES, et al.,

        Defendants.

## MEMORANDUM OPINION

Plaintiff Elena Sturdza has filed a *pro se* complaint against twenty-two defendants, most of whom she has not served. Before the court is the renewed motion to dismiss of David Shapiro and Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. [#15]. Upon consideration of the motion, and this court's *sua sponte* review of plaintiff's complaint pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), the claims against defendants will be dismissed because the complaint fails to state a claim against them for which relief can be granted or because the claims are barred by *res judicata*.

    *Failure to state a claim*.

A *pro se* complaint is entitled to liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This benefit is not, however, a license to ignore the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). A *pro se* complaint must comply with the basic requirements of Rule 8, which requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment

for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard set by Rule 8 is to give fair notice to defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

The complaint in this case does not meet the minimum requirements of Rule 8. The complaint attempts to allege facts by referring to other documents that are not clearly identified and are not attached to the complaint. A defendant is under no obligation to hunt down documents to determine what facts are alleged against him. Plaintiff has not made any factual allegations at all against any of the defendants she refers to as "All Plaintiff's Former Lawyers." (Compl. at 6.) Nor does her complaint allege any wrongdoing by the United Arab Emirates.

### *Res judicata*

As a court of limited jurisdiction, this Court is under a continuing obligation to examine its jurisdiction any time it appears to be in question. *Commodity Futures Trading Comm'n v. Nahas*, 738 F.2d 487, 492 (D.C. Cir. 1984). A court may deal *sua sponte* with the issue of *res judicata*. *Stanton v. D.C. Court of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997). One aspect of the doctrine of *res judicata* is that "a judgment on the merits in a prior suit bars a second suit involving identical parties . . . based on the same cause of action." *Apotex Inc. v. FDA*, 393 F.3d 210, 217 (D.C. Cir. 2004). A "cause of action, for purposes of [*res judicata*], comprises all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Stanton v. D.C. Court of Appeals*, 127 F.3d at 78. "Under *res judicata,* a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been

raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The purpose of the rule is to prevent "litigation of matters that should have been raised in an earlier suit." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 376 n.1 (1985). In short, the doctrine embodies the principle "that a party who once has had a *chance* to litigate a claim before an appropriate tribunal usually ought not to have another chance to do so." *SBC Communications Inc. v. FCC*, 407 F.3d 1223, 1229 (D.C. Cir.2005).

In the instant complaint, the only allegations directed at John T. Szymkowicz, Szymkowicz & Associates, and Mohammed Mattar (Compl. at 5 ("Szymkowicz and Mattar Defendants")) derive from the same cause of action — events that occurred between 1994 and 1998 — that gave rise to the plaintiff's prior lawsuit against those same three defendants. In that case, the complaint was dismissed because the statute of limitations had expired on all of the claims asserted. *See Sturdza v. Szymkowicz & Assocs. et al.*, Civil Action No. 01-2274, slip op. (D.D.C. July 8, 2002). That decision was a final decision on the merits for *res judicata* purposes, which bars not only the claims that have been litigated and decided, but also related claims that stem from the same nucleus of events. Plaintiff's claims against defendants John Szymkowicz, Szymkowicz & Associates, and Mohammed Mattar will be dismissed because they are precluded by *res judicata*.

<u>*Unfounded, frivolous, or malicious litigation*</u>

In pertinent part, Rule 11(b) provides that when a plaintiff files a complaint, the plaintiff

> certifies that to the best of [her] knowledge, information and belief . . . (1) [the complaint] is not being presented . . . to harass or needlessly increase the cost of litigation; (2) the claims . . . are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if

> specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b). In addition, whenever a court determines that a *pro se* complaint is malicious, it must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(*I*).

In a lawsuit initiated in 1998, the plaintiff sued Angelos C. Demetriou and his architectural design firm, Angelos Demetriou & Associates, for allegedly infringing plaintiff's copyright-protected design that she submitted in competition for the United Arab Emirates' chancery in Washington, D.C. *See Sturdza v. United Arab Emirates et al.*, Civil Action No. 98-2051, Am. Compl. (D.D.C. Sept. 25, 1998). In a final, appealable order issued in that case, the Court found that the Demetriou design at issue differed significantly from the Sturdza design with respect to the copyright-protectable features, and granted summary judgment to Demetriou and his architectural firm. *See id.*, slip op. at 13-14 (Oct. 30, 2000). The plaintiff's appeal of that judgment is still pending.

Presumably alleging copyright infringement[1] by Eric Morrison and Morrison Architects, the instant complaint states that:

> Defendant Morrison has submitted a design for the Chancery of Morocco almost identical to the design for the Chancery of the UAE submitted by Demetriou Defendant, design which was substantial similar to the design for the Chancery of the UAE submitted by Plaintiff Sturdza. Defendant Morrison' design for the Chancery of Morocco is substantial similar to Plaintiff Sturdza's design for the Chancery of the UAE.
>
> Defendant Morrison was until recently an employee of the Demetriou Defendant, actively involved in the Chancery of the UAE project, therefore knew

---

[1] The complaint purports to state sixteen claims against twenty-two defendants, but does not correlate the claims with the defendants. Thus, it is not possible to determine with certainty on the basis of the complaint which claims the plaintiff is pressing against Morrison and Morrison Architects.

> all along about the copyright infringement by Demetriou. Defendant Morrison is therefore committing willful copyright infringement of plaintiff Sturdza's design for the Chancery of the UAE.
>
> * * * *
>
> Because Demetriou Defendant is not acting in any way against Defendant Morrison's act of copying the design for the Chancery of the UAE submitted by Demetriou, he is probably the mastermind of the new infringement and is therefore committing a new willful copyright infringement of Plaintiff Sturdza's design for the Chancery of the UAE.

(Compl. at 6-7.). As drafted, the claims against Morrison, Demetriou and their respective firms depend on the notion that Demetriou and/or his firm violated plaintiff's copyright on her United Arab Emirates chancery design. However, a court has rendered a final judgment that there was no copyright infringement by Demetriou or his firm. Necessarily, then, there can be no derivative copyright infringement, as this complaint appears to allege with respect to Morrison and Morrison Architects. It appears that by filing this new complaint, plaintiff is ignoring the fact that the United Arab Emirates chancery copyright issue has been finally decided and is attempting to re-litigate this issue.

For the foregoing reasons, this action is dismissed. An appropriate order accompanies this memorandum.

Henry H. Kennedy, Jr.
United States District Judge